**Concurring Opinion issued February 20, 2020**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-18-01014-CR

_____

## EX PARTE CAMERON MICHAEL MOON

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1467534A**

---

## CONCURRING OPINION

I join the panel opinion and judgment because I agree that, under the law as it now stands, this intermediate court of appeals must conclude that Moon's due-process challenge is not cognizable by pretrial habeas review. I write separately to address the need for the Court of Criminal Appeals to provide further instruction

regarding the framework for analyzing pretrial cognizability questions, especially when, as here, the question implicates a deprivation of significant liberty interests.

In 2008, at age 16, Moon was arrested and charged with murder. Five months later, the juvenile court waived its jurisdiction over Moon and certified him as an adult. His case was transferred to criminal district court where he was tried as an adult, convicted, and assessed a 30-year prison sentence. After serving seven years of his sentence, the Court of Criminal Appeals affirmed the decision of this Court that the juvenile court had abused its discretion in waiving its jurisdiction because Moon was not provided protective rights afforded juveniles by Texas Family Code subsections 54.02(a), (d), and (f).[1] *See Moon v. State*, 410 S.W.3d 366 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 451 S.W.3d 28 (Tex. Crim App. 2014). The judgment of the criminal district court was vacated, and Moon's case dismissed.

---

[1] Section 54.02(d) requires that "[p]rior to the [transfer] hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense." TEX. FAM. CODE § 54.02(d). The State failed to obtain any such study or evaluation in his first certification hearing. Subsection (f) requires that "[i]n making the [transfer] decision the court shall consider, among other matters: (1) whether the alleged offense was against person or property; (2) the sophistication and maturity of the child; (3) the record and previous history of the child; and (4) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court." *Id.* § 54.02(f). The Court of Criminal Appeals held that Moon had been wrongly certified based on three of the four 54.02(f) factors. *See Moon v. State*, 451 S.W.3d 28, 50–51 (Tex. Crim. App. 2014).

In 2015, the juvenile court, for the second time, waived jurisdiction over Moon, this time pursuant to Family Code section 54.02(j), which applies only to those who are 18 or older at the time of certification. The certification requirements of 54.02(j) are significantly different, and less onerous for the State, than those under subsections 54.02(a) and (f). Under 54.02(j) there is no diagnostic study, and no inquiry into the sophistication and maturity of the child, all of which are relevant to whether the welfare of the community requires criminal proceedings. Thus, the State subjected Moon to a different, and lower, certification standard on remand than the one to which he was originally entitled in 2008. After his second certification, Moon was again indicted and now faces a second criminal trial for his offense. Moon filed an application for a pretrial writ of habeas corpus that was denied by the criminal district court.[2] He has now appealed to this Court, contending among other things, that his second certification under 54.02(j) is an unconstitutional deprivation of his right to due process because he was deprived of the juvenile protections that he was entitled pursuant to 54.02(a), (d), and (f) in his initial certification determination.

In our panel opinion, following current legal precedent, we address cognizability by construing Moon's due-process complaints as a facial challenge to section 53.02(j). His complaints could also be considered an as-applied challenge,

---

[2]     On June 24, 2018, the criminal district court denied Moon's pretrial habeas application and adopted the State's proposed findings of fact and conclusions of law.

3

but as-applied challenges are generally not cognizable by pretrial habeas review. As a result, Moon will be forced to wait until he is potentially convicted and incarcerated for a second time before he can challenge the deprivation of his juvenile protections. This result contradicts the protective intent of our juvenile system.

Nevertheless, the Court of Criminal Appeals suggested in Moon's prior appeal from this court, *Moon v. State*, 451 S.W.3d 28 (Tex. Crim App. 2014), that the case properly "remained pending in the juvenile court" because section 54.02(j) was a "legislatively provided alternative" for certifying Moon to stand trial as an adult. *Id.* at 52 n.90. And Moon's particular circumstances leave him without a more immediate remedy. His second transfer order was entered after January 1, 1996, but before September 1, 2015; therefore, Code of Criminal Procedure article 44.47 applies,[3] requiring his transfer decision to be reviewed only in conjunction with the appeal of a conviction for the offense for which he was transferred.[4] Despite these unique circumstances, the Court of Criminal Appeal's lack of clarity in *Ex parte Perry*, 483 S.W.3d 884 (Tex. Crim App. 2016), and its failure to articulate a clear

---

[3]     *See* Acts 1995, 74th Leg., ch. 262, § 48, p. 2546, § 85, p. 2584, eff. Jan 1, 1996 (codifying Code of Criminal Procedure article 44.47, permitting appeal of transfer order only in conjunction with appeal of conviction), *repealed by* Act of May 12, 2015, 84th Leg., R.S., ch. 74, §§ 3–4, sec. 56.01(c)(1)(A), 2015 Tex. Sess. Law Serv. 1065, 1065.

[4]     Moon was certified as an adult for the second time by order dated May 7. 2015. Had he been certified after September 1, 2015, he would have had an interlocutory right to appeal his transfer order.

analytical framework for determining under what circumstances a constitutional challenge is cognizable pursuant to pretrial writ of habeas corpus leave this intermediate appellate court without any clear path forward to address the question of whether Moon's certification under section 54.02(j) satisfies the constitutional due-process protections. For these reasons, I join the panel opinion and judgment.

But, as we acknowledge in our panel opinion, a juvenile's right to remain in the juvenile system is a significant right and implicates the juvenile's liberty interests. The United States Supreme Court in *Kent v. United States*, 383 U.S. 541 (1966), stated, "It is clear[ly] beyond dispute that the waiver of jurisdiction is a 'critically important' action determining vitally important statutory rights of the juvenile." *Id.* at 556. The Supreme Court characterized the "decision as to waiver of jurisdiction and transfer of the matter to the District Court [as] potentially important to petitioner as the difference between five years imprisonment and a death sentence." *Id.* at 557. Likewise, in *Hidalgo v. State*, the Court of Criminal Appeals recognized that transfer to criminal district court for adult prosecution is "the single most serious act the juvenile court can perform . . . because once waiver of jurisdiction occurs, the child loses all protective and rehabilitative possibilities available." 983 S.W.2d 746, 755 (Tex. Crim App. 1999).

Here, Moon's deprivation of the protective rights intended to be afforded juveniles prior to being transferred into the adult system, appears to be the type of

deprivation identified by Judge Alcala in her concurring opinion in *Ex parte Perry*, as warranting a pretrial challenge. 483 S.W.3d 884, 918–22 (Tex. Crim App. 2016) (Alcala, J., concurring).[5] As suggested by Judge Alcala in promoting the establishment of a pretrial cognizability standard, courts

> must conduct an objective legal inquiry into whether pretrial review is necessary in order to protect "the applicants substantive rights," or, stated differently whether "the nature of the constitutional right at issue entitles [the defendant] to raise [his] claims by pretrial habeas corpus." By indicating that it is the nature of the constitutional right at stake that drives the pretrial cognizability inquiry, this principle-based approach adheres to the underlying purpose of the writ of habeas corpus.

*Id.* at 918–19 (citing *Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002)). Moon's right as a juvenile to be provided the protections afforded by subsections 54.02(a), (d), and (f) before being transferred to the criminal district court and potentially incarcerated are substantive rights that he has not been provided, nor can he be provided.[6] His substantive rights to the protections afforded by the juvenile

---

[5]    In *Ex parte Perry*, Governor Perry's claim that the "abuse of official capacity statute" violated the Texas separation of powers clause as it applied to him because it infringed on his veto power was held cognizable in pretrial habeas. 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). Previously, only constitutional challenges to bail and double jeopardy had been recognized as exceptions to the general rule that a defendant cannot litigate as-applied constitutional challenges before trial. *Id.* at 895–96.

[6]    It would have been illogical for the juvenile court at Moon's second certification hearing, after he has already been certified, convicted, and served time in prison, to consider "the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available in the juvenile court," as required by 54.02(f), when Moon was not provided with these rights at his initial transfer hearing. Once his initial waiver of jurisdiction occurred, Moon effectively lost "all

6

system are effectively undermined if he is not allowed the right to vindicate them by appeal prior to his transfer from the juvenile to the criminal system.

Through no fault of his own, Moon has been deprived of the protective rights afforded juveniles by subsections 54.02(a), (d), and (f) prior to being certified to stand trial as an adult and transferred to the criminal district court. The facts will not change. However, without clarity from the Court of Criminal Appeals as to the circumstances under which a pretrial as-applied constitutional challenge of this nature may be considered, this Court cannot consider that aspect of his pretrial habeas action.

---

protective and rehabilitative possibilities available to the juvenile court." *Hidalgo v. State*, 983 S.W.2d 746, 755 (Tex. Crim App. 1999).

I concur that Moon's challenge to the constitutionality of section 54.02(j) as applied to him is not cognizable. However, I write separately to address the lack of clarity in the law that would allow this Court to more completely analyze whether Moon's as-applied challenge under the unique facts of this case could properly be a cognizable pretrial habeas claim.

Richard Hightower
Justice

Panel consists of Justices Lloyd, Goodman, and Hightower.

Justice Goodman, concurring.

Justice Hightower, concurring.

Publish. TEX. R. APP. P. 47.2(b).

8